# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

WAYNE HOWARD MASTERS,
Reg. #20662-009                                                                                    PLAINTIFF

V.                               2:18CV00003 JM/JTR

KEN HYDE, Acting Assistant Director, et al.                               DEFENDANTS

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District James M. Moody, Jr. Any party may file written objections to this Recommendation. Objections must be specific and include the factual or legal basis for disagreeing with the Recommendation. An objection to a factual finding must specifically identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of the objections must be received by the Clerk of this Court within fourteen (14) days of this Recommendation. If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

## I. Introduction

Plaintiff Wayne Howard Masters ("Masters") is a prisoner in the Forrest City Federal Prison Camp. He has filed a *pro se Bivens* Complaint alleging that Defendants violated his constitutional rights. *Doc. 2.* Before Masters may proceed with action, the Court must screen his allegations.[1]

## II. Discussion

In 2015, Masters was sentenced to five years in federal prison. *Doc. 2.* This case involves Masters's attempt to obtain a compassionate release or reduction in sentence, pursuant to 18 U.S.C. § 3582(c)(1)(A), which provides, in pertinent part, that:

> (A) the court, *upon motion of the Director of the Bureau of Prisons,* may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction;

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

* * *
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

(Emphasis added).

To obtain consideration for a § 3582(c)(1)(A) compassionate release or a reduction in sentence, a federal prisoner must submit a request to the Warden of the facility where he is incarcerated. 28 C.F.R. § 571.61. If the Warden determines that the prisoner meets the guidelines established in BOP Program Statement 5050.49, the request is sent to the Office of the General Counsel for review. *Id.;* BOP Program Statement 5050.49. If the General Counsel agrees, the request is forwarded to the Director of the Bureau of Prisons, who then decides, in his or her *discretion*, whether to file a petition asking the sentencing court for a compassionate release or reduction in sentence. *Id.* Even if the prisoner is successful at all three discretionary review stages within the BOP, it is ultimately within the sentencing court's *discretion* to deny or grant the petition. *See* § 3582(c)(1)(A).

In April of 2017, Masters submitted a request to Defendant Warden Beasley ("Beasley") seeking consideration for a § 3582(c)(1)(A) compassionate release or reduction in sentence because he was seventy-four years old and had Parkinson's disease, which Masters believes is a "debilitating" and "terminal" medical condition as defined by Program Statement 5050.49. *Doc. 2 at Ex. 1*. In conjunction with Masters's request, Defendant Nurse Practitioner Lamarre completed a Reduction in

Sentence Medical Review Form, in which she concluded that Masters did *not* have a "debilitating" or "terminal" medical condition. *Id. at 38*.

Masters alleges that Beasely has not made a decision on or acknowledged receipt of his request. Masters also contends that Defendants Camp Administrator Guthrie, BOP Regional Director Caraway, and General Counsel Hyde have ignored his grievances and letters challenging Beasley's failure to rule on his request.

**A.     Due Process Claim**

Masters alleges that Beasley, Guthrie, Caraway, and Hyde have denied him due process of law by failing to make a decision on this April 2016 request for a § 3582(c)(1)(A) compassionate release or reduction in sentence.

Masters is entitled to due process of law *only* if he has a liberty interest at stake. *Hewitt v. Helms,* 459 U.S. 460, 466 (1983); *Bonner v. Outlaw*, 552 F.3d 673, 676 (8th Cir. 2009). Masters does *not* have a *constitutionally* protected liberty interest in obtaining early release from prison. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex,* 442 U.S. 1, 7 (1979). Similarly, Masters does *not* have a *statutorily* created liberty interest in obtaining a compassionate release or reduction in sentence. Instead, it is clear from the plain language of § 3582(c)(1)(A) that it is within the BOP's *discretion* to decide whether to file a petition for a compassionate release or reduction in sentence, and the sentencing court's *discretion* as to whether to grant that petition. *See Crowe v. United States;* 09-6508, 2011 WL 2836364 (6th

4

Cir. July 18, 2011)(unpublished opinion)("the BOP's decision regarding whether or not to file a petition for compassionate release is judicially unreviewable"); *Turner v. U.S. Parole Comm'n*, 810 F.2d 612, 615 (7th Cir. 1987) (same); *Fernandez v. United States*, 941 F.2d 1488, 1493 (11th Cir. 1991)(same); *Simmons v. Christensen*, 894 F.2d 1041, 1043 (9th Cir. 1990); *Waters v. Rio,* No. 17CV1367, 2017 WL 3635315 (D. Minn. May 18, 2017) (unpublished decision) (same).

Because Masters does *not* have a protected liberty interest in obtaining a § 3582(c)(1)(A) compassionate release or reduction in sentence, he does not have a due process right to require Defendants to comply with internal BOP Program Statements or policies regarding the processing of his request. *See Lee v. Zuniga*, No. 1:15CV297, 2017 WL 2628101 (E.D. Cal. June 19, 2017) (unpublished decision); *Callahan v. Scarantino,* No. 15-1008, 2016 WL 7443392 (W.D. Okla. Nov. 30, 2016) (unpublished decision). Thus, Court concludes that Masters has failed to plead a viable due process claim.

**B.   Cruel and Unusual Punishment Claim**

Masters makes the confusing assertion that Lamarre subjected him to "cruel and unusual punishment" by incorrectly concluding, in the Reduction in Sentence Medical Review Form, that Masters did *not* have a "debilitating" or "terminal" medical condition. *Doc. 2 at 12-13*.

It is well settled that a prisoner's mere disagreement with medical decisions does not rise to the level of a constitutional violation. *Fourte v. Faulkner Cnty., Ark.*, 746 F.3d 384, 387 (8th Cir. 2014); *Langford v. Norris,* 614 F.3d 445 (8th Cir. 2010). More importantly, Masters is *not* alleging that Lamarre failed to provide with constitutionally adequate medical care for Parkinson's disease. Instead, Masters asks the Court to "strike" the allegedly inaccurate findings Lamarre made in the Reduction in Sentence Medical Review Form. For the previously explained reasons, the Court does not have jurisdiction to do so. Further, even if the Court did have jurisdiction, Masters's claim is premature because the BOP has *not* made a decision on his request for a petition for compassionate release or a reduction in sentence. Thus, the Court concludes that Masters has not pled a viable cruel and unusual punishment claim.

**C.     Civil Conspiracy Claim**

Finally, Masters makes the conclusory and vague allegation that Defendants have acted in "conspiracy to defraud Plaintiff of his rights." *Doc. 2 at 15*.

To state viable civil conspiracy claim, Masters must "allege with particularity and specifically demonstrate with material facts that the defendants reached an agreement" to deprive him of his constitutional rights. *Mendoza v. U.S. Immig. & Customs Enforc.*, 849 F.3d 408, 421 (2017); *Davis v. Jefferson Hosp. Ass'n*, 685 F.3d 675, 685 (8th Cir. 2012). Masters has *not* provided any particular or specific facts

suggesting that any of the Defendants reached an agreement to delay or deny his request for a compassionate release or reduction in sentence. Instead, Masters bases his conspiracy claim on pure speculation. *See Mendoza*, 849 F.3d at 421 (holding that a civil conspiracy claim cannot be based on "[m]ere speculation or conjecture"). More importantly, a civil conspiracy must be premised on the violation of a constitutional right, which Masters has *not* pled. *Id.* (holding that a civil conspiracy claim "necessarily fails" in the absence of a constitutional violation). Accordingly, the Court concludes that Masters has failed to plead a viable civil conspiracy claim.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. The Complaint be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

2. Dismissal be counted as a "STRIKE," pursuant to 28 U.S.C. § 1915(g).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

Dated this 16th day of February, 2018.

_____
UNITED STATES MAGISTRATE JUDGE